EARL E. LANGLOIS AND PENNY W. LANGLOIS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Langlois v. Commissioner
Docket No. 6728-87.
United States Tax Court
T.C. Memo 1988-415; 1988 Tax Ct. Memo LEXIS 450; 56 T.C.M. (CCH) 36; T.C.M. (RIA) 88415; September 1, 1988; As amended September 6, 1988 Earl E. Langlois, pro se. Daniel M. Carr, for the respondent. RUWE
MEMORANDUM FINDINGS OF FACT AND OPINION RUWE, Judge: In a notice of deficiency dated December 11, 1986, respondent determined deficiencies in petitioners' 1982 and 1983 Federal income taxes in the amounts of $ 1,162.00 and $ 1,367.00, respectively. After concessions, the issues for decision are: (1) whether petitioners are entitled to a depreciation deduction of $ 1,333.33 for taxable year 1982; (2) whether petitioners are entitled to a deduction for home office expenses for taxable years 1982 and 1983 in the amounts of $ 2,268.00 and $ 1,545.00, respectively; (3) whether petitioners are entitled to a child care credit for taxable years 1982 and 1983 in the amounts of $ 350.00 and $ 470.00, respectively; and (4) whether petitioners are entitled to an interest expense deduction of $ 663.46 for taxable *452 year 1983. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners resided in Detroit, Michigan, when they filed their petition in this case. They filed their joint Federal income tax returns for 1982 and 1983 with the Internal Revenue Service Center Cincinnati, Ohio. As to all issues, petitioners bear the burden of proof and respondent's determinations in the notice of deficiency are presumed correct. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). [1]
For purposes of convenience, we are combining our findings of fact and opinion. Issue 1
In 1978, petitioners purchased real estate, on which both their residence and a separate building described as the carriage house were situated, for $ 70,000.00. The carriage house is a two-story brick structure, with a garage on the first floor and a four bedroom apartment on the *453 second floor. On their 1982 income tax return, petitioners claimed depreciation in the amount of $ 1,333.33 on the carriage house, and they reported rental income of $ 275.00 from the rental of the apartment. Respondent disallowed the deduction. When petitioners purchased the property, the apartment was occupied by a tenant. The extent and regularity of rental occupancy for subsequent years, including 1982, is not clear. The record is unclear as to whether petitioners retained personal use of the first floor (garage) during the year 1982. Petitioners did not formally advertise the apartment. Mr. Langlois (hereinafter referred to as petitioner) testified that he made it known in the neighborhood by way of word of mouth that it was available for rent. Petitioners allocated $ 20,000 of the $ 70,000 purchase price of the property to the carriage house. There is nothing in the record to indicate whether this $ 20,000 includes the land and the garage areas of the carriage house. Petitioners based their depreciation on the entire $ 20,000. Section 167(a) allows "as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear * * * of property used in [a] trade *454 or business or * * * property held for the production of income." [2] Petitioners' depreciation deduction is allowable under section 167(a) only if the rental of the property constitutes an activity engaged in for profit. Sec. 183(a); [3]Estate of Baron v. Commissioner,83 T.C. 542 (1984), affd. 798 F.2d 65 (2d Cir. 1986); Jasionowski v. Commissioner,66 T.C. 312, 319 (1976). Although a reasonable expectation of profit is not required, the facts and circumstances must indicate that petitioner entered into the activity, or continued it, with an actual and honest objective of making a profit. Beck v. Commissioner,85 T.C. 557, 569 (1985); Dreicer v. Commissioner,78 T.C. 642, 644-645 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983). However, the existence of a profit objective is to be determined by examining all the facts and circumstances, giving greater weight to objective facts than to petitioners' statement of intent. Sec. 1.183-2(a) and (b), Income Tax Regs.; Siegel v. Commissioner,78 T.C. 659, 699 (1982); Engdahl v. Commissioner,72 T.C. 659, 666 (1979). *455 The regulations list nine nonexclusive factors relevant to the issue of profit objective. [4]
*456 Petitioners have not met their burden of proof to establish that their activity with regard to the apartment in the carriage house was an activity engaged in for profit. There is no evidence of the actual rental income and rental occupancy rate of the apartment prior to 1982. In 1982, petitioners reported $ 275 gross rental income. In 1983, they reported $ 275 in gross rental income. [5]
Petitioners' efforts to rent the apartment appear to be minimal at best and there was no evidence of any other activities undertaken by petitioners indicating that they were seriously trying to profit from the rental of the apartment. Even if we were to find that petitioners had proven that they had a profit objective regarding the apartment, there is insufficient evidence in the record to determine their basis for depreciation. Petitioner testified that he estimated that $ 20,000 *457 of the $ 70,000 purchase price of his residence should be allocated to the carriage house. He gave no indication of how he arrived at this estimate. He also seemed to make no allowance in his estimate for the fact that the first floor of the carriage house (the garage) was not part of the apartment and presumably was available for use by petitioners. Considering the nature of the carriage house property and that it was purchased as part of petitioners' residence, we do not think that the record could support even an estimate of petitioners' basis in the carriage house apartment. Issue 2
During the years in issue, petitioner was employed as an attorney with the State of Michigan. In addition to wages he reported gross income from "legal services" on Schedule C in the amount of $ 250 for 1982, and $ 110 for 1983. Petitioners claimed Schedule C deductions for home office expenses in the amount of $ 2,268.00 for taxable year 1982, and $ 2,518.50 for taxable year 1983. Respondent disallowed the 1982 deductions in their entirety, and disallowed $ 1,545.00 of the 1983 deductions based on his determination that petitioners failed to substantiate their claimed deductions Petitioners *458 introduced no testimony or other substantiation to establish the Schedule C deductions. Petitioner testified that his records had been destroyed by a flood in his basement. Because petitioners' have completely failed to substantiate their Schedule C determinations we need not determine whether petitioners' activities were sufficiently regular, systematic, or continuous so as to place him in the business of providing "legal services." Petitioners' home office expense deductions are disallowed to the extent respondent determined in his deficiency notice for the years in issue. Issue 3
Petitioners claim a child care credit of $ 350 and $ 470 for 1982 and 1983, respectively. Petitioners' daughter, Wendy Ann Langlois, babysat for petitioners' young children during the morning and early afternoon hours. Throughout 1982 and 1983, and petitioners in turn provided her with room and board. Petitioners offered no documentary evidence supporting their child care credit claim. Petitioner determined that the amounts paid or incurred for Wendy Ann's room and board approximated the fair market value of the 1982 and 1983 child care. Petitioner provided no detail upon which his estimate *459 was based and no details regarding the cost of room and board. Wendy Ann Langlois was 20 years old at the end of 1982. During 1982 and 1983, she was employed at a hospital working the 3:00 p.m. to 11:00 p.m. shift. Petitioners did not claim her as a dependent on their 1982 or 1983 returns. Petitioners were both gainfully employed during 1982 and 1983, and reported adjusted gross income for those years of $ 45,476.10 and $ 46,406.42, respectively. Section 44A [6] allows a credit for expenses for household and dependent care services necessary for gainful employment. Section 44A(f)(6) provides that, with respect to related individuals, no credit shall be allowed for any amount paid to a person who qualifies as a dependent under section 151(e), or who has not attained the age of 19 at the close of the taxable year. In this case, petitioners have satisfied both of the requirements of section 44A(f)(6). Accordingly, petitioners are not precluded from claiming a child care credit by reason of their relationship to their daughter, Wendy Ann Langlois. *460 Petitioners expended certain amounts on behalf of Wendy Ann Langlois in exchange for her child care services, and we hold that petitioners are entitled to claim a child care credit. [7] Considering the lack of specifics regarding the value of the babysitting services, room and board, and applying the rule in Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930), affg. in part and modifying in part 11 B.T.A. 743 (1928), we find that petitioners' chid care expenses were $ 1,000 for 1982 and $ 1,200 for 1983. Thus, the allowable credit is $ 200 for 1982 and $ 240 for 1983.
Issue 4
Petitioners deducted $ 8,192.02 as interest paid during the taxable year 1983. Respondent disallowed the deductions to the extent that they exceed $ 7,528.56. Petitioners *461 have failed to come forward with any evidence, such as receipts, cancelled checks, or bank accounts, to support an interest deduction in an amount greater than that allowed by respondent. On the basis of the evidence presented, we sustain respondent's determination with respect to this issue. Decision will be entered under Rule 155.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years at issue. ↩
2. The trade or business and production of income requirements under section 167 are the same as those under section 162 and 212. Lemmen v. Commissioner,77 T.C. 1326, 1340↩ n.16 (1981). 3. Section 183(a) provides: (a) General Rule. -- In the case of an activity engaged in by an individual or an S corporation, if such activity is not engaged in for profit, no deduction attributable to such activity shall be allowed under this chapter except as provided in this section. ↩
4. The nine factors are: (1) the manner in which the taxpayer carries on the activity; (2) the expertise of the taxpayer or his advisors; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) expectation that assets used in activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of occasional profits, if any, which are earned; (8) the financial status of the taxpayer; and (9) elements of personal pleasure or recreation. Sec. 1.183-2(b), Income Tax Regs.↩
5. Petitioners introduced a signed lease of the carriage house apartment (excluding the garage) dated April 26, 1983. It purported to lease the premises for the period May 1, 1983 through April 30, 1984 for $ 225 per month. Petitioners did not explain the discrepancy between the lease terms and rent reported. ↩
6. Section 44A was redesignated as section 21 by the Tax Reform Act of 1984. Sec. 471(c)(1), Pub. L. 98-369, 98 Stat. 826. ↩
7. An individual who is paid in kind for services would be required to include the value of the in-kind payment in income. Commissioner v. Glenshaw Glass Co.,348 U.S. 426, 431 (1955). See Heyward v. Commissioner,36 T.C. 739, 746 (1961), affd. per curiam 301 F.2d 307 (4th Cir. 1962). See also Patel v. Commissioner,T.C. Memo. 1988-33↩.